**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

FILED

2010 MAR 23  P 2: 23



Connecticut Financial Center   (203)821-3700
157 Church Street
New Haven, Connecticut 06510   Fax (203) 773-5376

March 23, 2010

Sharon L. McCarthy, Esq.
Kostelanetz and Fink
7 World Trade Center
New York, NY 10007

Re:  **United States v. First Funding Corporation, II**
     **Criminal No. 3:10cr  69  (AWT)**

Dear Attorney McCarthy:

This letter confirms the plea agreement between your client, First Funding Corporation II (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

The defendant agrees to waive its right to be indicted and to plead guilty to a one-count information which charges aiding and assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2). The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. Defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of a document in connection with a matter arising under the internal revenue laws;

2. The document was false as to a material matter;

3. The act of the defendant was willful.

## THE PENALTIES

This offense carries a maximum penalty of 5 years of probation (18 U.S.C. §3561(c)) and a $500,000 fine. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the

offense; (2) twice the gross loss resulting from the offense; (3) $500,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $400 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

### Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663. The parties agree that no restitution is due from the defendant as it is an S Corporation and the income and tax consequences flow through to the sole shareholder. However, as a condition of this plea agreement, prior to the date of sentencing, the defendant's sole shareholder Charles S. Jones agrees to pay to the IRS the taxes, penalties, and interest for 2001, 2002, and 2003 as specified below.

|      | Additional Taxes Due | Penalties   | Interest    | Totals       |
|------|----------------------|-------------|-------------|--------------|
| 2001 | $24,133.00           | $17,926.50  | $23,368.59  | $ 65,428.09  |
| 2002 | $66,307.00           | $49,730.25  | $54,449.72  | $170,486.97  |
| 2003 | $78,037.00           | $58,527.75  | $55,236.33  | $191,801.08  |

Further, the defendant's sole shareholder Charles S. Jones agrees that he will sign the IRS forms deemed necessary by the IRS to enable it to make assessment of the agreed-upon tax, penalties, and interest, including but not limited to IRS Form 8821, "Tax Information Authorization," Form 870-S "Agreement to Assessment and Collection of Deficiency in Tax for S Corporation Adjustments," Form 875 "Acceptance of Examiner's Findings by a[n] ... S Corporation....", and Form 4549-A "Income Tax Discrepancy Adjustments" or "RAR." Charles S. Jones further agrees that he will not appeal or otherwise challenge or seek a refund of any of the tax, penalty, or interest amounts indicated above. In the event that the taxes, penalties and interest amounts are not paid in full by the time of sentencing, Charles S. Jones agrees to allow the contents of the criminal file of the U. S. Attorney's Office and IRS to be given to civil attorneys and staff of the United States Attorney's Office and the IRS to enable them to investigate or collect any taxes owed by Charles S. Jones, including, but not limited to, any civil penalties and interest. With respect to disclosure of the criminal file to the above-listed individuals and entities, Charles S. Jones waives any rights that he or the defendant corporation might hold under 26 U.S.C. §§ 6103, 7213, and Fed. R. Crim. P. 6(e) and further waives any other rights he or the defendant corporation might have to non-disclosure of tax-related information regarding the tax years 2001, 2002 and 2003.

*Sharon L. McCarthy, Esq.*
*March 23, 2010*
*Page 3*

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that it has no right to withdraw its guilty plea if the sentence or the Guideline application is other than it anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's adjusted offense level by one additional level based on the defendant's prompt notification of its intention to enter a plea of guilty.

The above-listed recommendations are conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding its commission of the offense, of its criminal history, and of its financial condition through the submission of a complete and truthful financial statement. In addition, the recommendations are conditioned upon the defendant timely providing complete information to the Government concerning its involvement in the offense to which it is pleading guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The Government will not make the recommendations if the defendant engages in any acts which, in the Government's view, (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of pre-sentence supervision. Moreover, the Government will not make the recommendations if the defendant seeks to withdraw its plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that it may not withdraw its plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations.

*Sharon L. McCarthy, Esq.*
*March 23, 2010*
*Page 4*

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation
The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

In light of the application instructions outlined in U.S.S.G. §8A1.2, the parties agree that a criminal fine is calculated pursuant to the Guidelines Sections 8C2.1-8C2.9.

The defendant's base offense level under U.S.S.G. § 2T4.1 is 16. Three (3) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 13.

Based on an offense level of 13, the base fine is $60,000 (U.S.S.G. §8C2.4), the culpability score is 4, and therefore, the multipliers are .80 for the calculation of the minimum fine and 1.60 for the calculation of the maximum fine. The resulting fine range is $48,000 to $96,000 (U.S.S.G. §§8C2.5-8C2.7).

Based on the provisions of U.S.S.G. §8D1.2(a)(1), the term of probation shall be at least one but not more than five years.

The parties agree that neither a downward nor an upward departure from the sentencing ranges set forth above is warranted and that a sentence within the agreed ranges is reasonable. Accordingly, neither party will seek a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider a departure or adjustment not set forth herein, or suggest that the Court *sua sponte* consider a departure or adjustment not identified above.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that it will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any

inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances it is entitled to challenge its conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 5 years of probation, a $500,000 fine, and costs of prosecution even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant acknowledges that it is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

### Waiver of Right to Indictment

The defendant understands that it has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that it committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that it is knowingly and intelligently waiving its right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, and the right to compulsory process for the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives

and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if it pleads guilty, the Court may ask the sole shareholder questions about each offense to which it pleads guilty, and if the sole shareholder answers those questions falsely under oath, on the record, and in the presence of counsel, the answers may later be used against the sole shareholder in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty. The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and it (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law. The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney. The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant and Charles S. Jones acknowledge that neither entity is a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other potential criminal tax offense regarding the tax years 2001 through 2003. The defendant and Charles S. Jones voluntarily, knowingly, and intelligently waive any rights either entity may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant

acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.

## COLLATERAL CONSEQUENCES

The defendant further understands that it will be adjudicated guilty of each offense to which it has pleaded guilty and may be deprived of certain rights. The defendant understands that the Government reserves the right to notify any state or federal agency by which it is licensed, or with which it does business, as well as any current or future employer of the fact of its conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant corporation in the District of Connecticut as a result of its participation in the aiding and assisting of preparing false tax returns for the years 2001, 2002 and 2003, which includes the basis of the information in this case.

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw its plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing and signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

NORA R. DANNEHY
UNITED STATES ATTORNEY

*[signature]*
ANASTASIA ENOS KING
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
CALVIN B. KURIMAI
ASSISTANT UNITED STATES ATTORNEY

*Sharon L. McCarthy, Esq.*
*March 23, 2010*
*Page 8*

     The defendant certifies that it has read this plea agreement letter and its attachment(s) or has had it read or translated to it, that it has had ample time to discuss this agreement and its attachment(s) with counsel and that it fully understands and accepts its terms.

_____        _23 March '10_
CHARLES S. JONES                          Date
As Authorized Representative
for the Defendant
FIRST FUNDING CORPORATION II, INC.

     I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____        _3/23/10_
SHARON L. McCARTHY, ESQ.           Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

The defendant FIRST FUNDING CORPORATION II, INC. and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

During the years 2001 through 2003, the defendant corporation was an investment banking firm, which represented both purchasers and sellers and specialized in mergers, acquisitions, divestitures, and seller representation. The defendant corporation's sole shareholder was Charles S. Jones. During the years at issue, the defendant corporation was located at 700 Canal Street, Stamford, Connecticut.

In his personal capacity, Charles S. Jones was a member of the Board of Directors of a computer services firm headquartered in Canada (hereinafter the "Canadian firm.") from 2001 through mid-2003. Thereafter, he became employed by the Canadian firm as the Chief Executive Officer and Chairman of the Board of Directors. While performing work on behalf of the Canadian firm, Jones incurred various expenses. Among the expenses were charges associated with Jones' frequent travel during the period 2001 through 2003.

During the years 2001 through 2003, the expenses Jones incurred while working on behalf of the Canadian firm were reflected in the bookkeeping records of the defendant corporation. The bills for these expenses were provided by the secretary or Jones to the part-time bookkeeper of the defendant corporation. The bookkeeper recorded the expenses in the defendant corporation's bookkeeping records, because she understood the Canadian firm was a client of the defendant corporation, although it was not. The bookkeeper also prepared checks in payment of these expenses.

Jones sought reimbursement of the expenses from the Canadian firm. The reimbursement request invoices were prepared by Jones' secretary who worked in the Stamford office of the defendant corporation during the years at issue. The reimbursement request invoices were printed on Jones' residential estate letterhead and Jones approved each invoice before it was submitted to the Canadian firm for payment. The bookkeeper was not involved in the preparation of the invoices. Although the bookkeeper was aware that the secretary prepared reimbursement requests, neither the secretary nor Jones provided the reimbursement request invoices to the bookkeeper, nor did they provide the bookkeeper with the amounts or categories of reimbursement sought.

The bookkeeper prepared the majority of the checks paid out of the defendant corporation's accounts as well as checks paid out of Jones' personal account. Each of these checks was approved and signed by Jones then mailed by Jones' secretary. In the bookkeeper's absence, Jones' secretary prepared checks for Jones' signature and the stubs were subsequently provided to the bookkeeper so that she could enter the checks into the bookkeeping records.

When each reimbursement check was received from the Canadian firm, Jones directed his secretary to deposit it into one of his personal accounts. The bookkeeper learned of this in or

*Sharon L. McCarthy, Esq.*
*March 23, 2010*
*Page 10*

before 2001 and she informed the secretary that the reimbursement checks should be deposited into the defendant corporation's account, rather than Jones' personal account, because the expenses had been paid from the corporate account (hereinafter the "expense/reimbursement issue"). The bookkeeper further informed the secretary that depositing the checks into Jones' personal account would cause the defendant corporation's books and records to be false. Neither the secretary nor the bookkeeper discussed the expense/reimbursement issue with Jones. The secretary continued to follow Jones' directions regarding the account into which she should deposit each reimbursement check.

The defendant corporation's tax returns for the years 2001, 2002 and 2003 were prepared by a CPA in Georgia. The bookkeeper prepared records including a profit and loss statement and balance sheet and submitted them to the CPA after Jones approved them. The bookkeeper also reported to the CPA the expense/reimbursement issue. The bookkeeper knew this issue, if unaddressed, would result in a lower income figure for the defendant corporation. The bookkeeper suggested that the CPA address the issue with Jones. Although the CPA consulted with Jones on one or more occasions and made certain accounting adjustments, the expenses/reimbursement issue was not fully addressed by the CPA or Jones. The defendant corporation's U.S. Corporation Tax Returns, Forms 1120S, for the years 2001, 2002, and 2003, were filed with the Internal Revenue Service on or about July 12, 2002, September 22, 2003, and August 5, 2004, respectively. The 2001 return reported understated income of $237,827, whereas, the corrected income figure was approximately $324,887. The 2002 return reported understated income of $199,947, whereas, the corrected income figure was approximately $399,777. The 2003 return reported a loss of ($51,181), whereas the corrected income figure was approximately $188,899.

The defendant corporation, through its employees and agents, knew that its books and records included certain expenses, but not corresponding reimbursements, and therefore, the books and records reflected less income than was accurate. The defendant corporation provided these false bookkeeping figures to the CPA in Georgia who then used the figures to prepare the corporation's tax returns. As a result, the defendant corporation knowingly and willfully filed tax returns which underreported income for the years 2001, 2002 and 2003. These underreported income figures were also used in the preparation of the U.S. Individual Income Tax Returns of Charles S. Jones for the years 2001, 2002, and 2003 and resulted in the underreporting of approximately $488,837 in income for the three years at issue and a tax loss of approximately $168,477 for the same period.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct

to the attention of the Court in connection with sentencing.

_____
CHARLES S. JONES
As Authorized Representative
for the Defendant
FIRST FUNDING CORPORATION II, INC.

_____
ANASTASIA E. KING
ASSISTANT UNITED STATES ATTORNEY

_____
SHARON L. McCARTHY, ESQ.
Attorney for the Defendant

_____
CALVIN B. KURIMAI
ASSISTANT UNITED STATES ATTORNEY